(125 App. Div. 708.)

LAWLESS v. AUGUST et al.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

NEGLIGENCE—DEFECTIVE PREMISES—ACTIONS FOR INJURIES—COMPLAINT.

    A complaint in an action for injuries to a pedestrian on a street, struck while in front of a house, by a window blind thereof falling down on her, which alleges that defendant was the owner of the house, that he permitted the premises to become and remain out of repair and in a dangerous condition, and that the blind was weak and unfastened, and not secured, and that defendant knew the same to be in a dangerous condition, or should have known thereof, fails to state a cause of action as against a demurrer, in that it fails to allege that the blind fell by the negligence of defendant in failing to have it safely fastened to the building.

    Hooker, J., dissenting.

Appeal from Special Term, Kings County.

Action by Frances Lawless, an infant, by James Lawless, her guardian ad litem, against Emma August and another. From an interlocutory judgment sustaining a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action, plaintiff appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Charles Caldwell, for appellant.
Isador Goetz, for respondent.

GAYNOR, J.   The complaint alleges that the defendants were the owners of a certain house, and that as the plaintiff was going along the street in front of it one of the window blinds fell down upon her from its fastenings.   And then follows this allegation:

"And the plaintiff alleges that the defendants and each of them permitted said premises to become out of repair, and to remain out of repair and to be in a dangerous condition; and said shutter was weak and unfastened and not secure and the defendants knew the same to be in a dangerous and negligent condition, or should have known of the same had the defendants inspected the same, and said shutter or blind had been out of condition for a long time prior to the happening of said accident."

It is hard to deal with this bungle of words.   The general allegations that the defendants permitted the house to "become out of repair," etc., have to be disregarded, for we have nothing to do with any part of the house except the blind.   All there is alleged of it is that it was "weak and unfastened and not secure."   There is no allegation that that was by the defendants' negligence.   It may have been by the negligence of no one, or by that of the tenant.   Possession by the defendants is not alleged, but only ownership.   True, it is then alleged the defendants knew it to be in a "dangerous and negligent condition," or "should have known of the same had the defendants inspected the same."   This is not an allegation that they knew of it, nor is there any allegation that they had any duty to inspect and neglected it.   Then follows the mild and empty allegation that the blind "had been out of condition" for a long time.   What does "out of condition" mean?   Are the courts to construe it as meaning some dangerous condition?   And if they could so construe it the difficulty would remain, for lack of an allegation that it was caused or existed by the negligence of the defendants.

Instead of simply alleging that the blind fell by the negligence of the defendants in failing to have it safely fastened to the building (which would be scientific pleading and all that was necessary), the learned pleader resorted to all this verbiage, which falls short of that one simple and essential allegation.

The judgment should be affirmed.

Interlocutory judgment affirmed, with costs.

RICH, J., concurs.   JENKS and MILLER, JJ., concur in result. HOOKER, J., dissents.