### PEOPLE ex rel. DEISTER v. WINTERMUTE.

(Supreme Court, Appellate Division, Third Department.  September 15, 1909.)

OFFICERS (§ 83*)—ACTION TO TRY TITLE TO PUBLIC OFFICE—DEFENSES—WAIVER.
    Under Code Civ. Proc. §§ 1948–1956, regulating actions to obtain possession of and try title to public office, and recognizing the right of relator to succeed, though he has not qualified, where, in an action to try title to a public office, defendant claimed and held the office by virtue of an alleged election, he could not urge, after the court had adjudged that relator had been elected, that he held the office under Public Officers Law (Consol. Laws, c. 47) § 5, until relator had qualified, and the court properly adjudged that defendant had unlawfully held the office, and that relator was entitled to costs.

    [Ed. Note.—For other cases, see Officers, Cent. Dig. § 123; Dec. Dig. § 83.*]

    Sewell, J., dissenting.

Appeal from Trial Term, Chemung County.

Action by the People of the State of New York, on the relation of John H. Deister, against Thomas J. Wintermute. From a judgment for plaintiff, defendant appeals from certain parts thereof. Affirmed.

See 122 App. Div. 349, 106 N. Y. Supp. 1076; 124 App. Div. 916, 108 N. Y. Supp. 1144; 127 App. Div. 933, 111 N. Y. Supp. 1135; 194 N. Y. 99, 86 N. E. 818.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Richard H. Thurston, for appellant.

Edward R. O'Malley, Atty. Gen. (Disney & Danaher, John J. Crowley, and Michael Danaher, of counsel), for respondent.

JOHN M. KELLOGG, J.  The complaint alleged that at the general election in 1906 the relator was duly elected county treasurer of Chemung county to succeed the defendant, whose term of office was to expire December 31, 1906, and that, notwithstanding his election, the defendant has usurped, intruded into, and now unlawfully holds and exercises such office, and unlawfully claims and assumes to be county treasurer of said county, and to have the right to said office for three years from January 1, 1907, and asks judgment upon the right of the relator and the pretended right of the defendant to said office, and that it be adjudged that the defendant has no right thereto, and that the relator has the legal and just right to said office, and that the defendant be ousted therefrom.  The answer denies that the plaintiff was elected to said office at said election, denies that defendant usurped or is unlawfully holding the office, and alleges that

at said election the defendant was duly elected county treasurer of said county; that he received the certificate of election, duly qualified, and upon the 1st day of January, 1907, duly entered upon the duties of said office to which he had been duly and legally elected as aforesaid, and asks a dismissal of the complaint, and that it be adjudged that the defendant is entitled to said office for three years from January 1, 1907. No suggestion is made by the answer that the defendant's possession of the office is merely that of a holdover. The complaint and answer read together shows that the real issue in the action was whether the relator or the defendant was elected in November, 1906, for the full term beginning January 1st thereafter.

Upon the first trial of the action the judgment determined that the defendant was legally elected, which judgment was reversed by this court in People ex rel. Deister v. Wintermute, 122 App. Div. 349, 106 N. Y. Supp. 1076. Upon the second trial it was held that by reason of defective voting machines no county treasurer was elected. Each party appealed to this court, where the judgment was affirmed. Each party appealed to the Court of Appeals, and the judgment was reversed and a new trial granted. People ex rel. Deister v. Wintermute, 194 N. Y. 99, 86 N. E. 818. Upon this trial no serious controversy arose upon the facts, as the decision of the Court of Appeals practically decided the relator's title to the office. The judgment appealed from determined that the relator was duly elected county treasurer and was legally entitled to hold said office for the term of three years from January 1, 1907; that the defendant unlawfully holds the office of county treasurer since January 1, 1907, and that he be ousted and excluded therefrom, and that the relator, upon taking and filing his oath of office and executing his official bond, shall become entitled to take and hold the office, and that the relator recover his costs of this action. The defendant appeals from that part of the judgment which adjudges that the relator was legally entitled to hold the office for the three years from January 1, 1907, also that part which adjudges that the defendant has unlawfully held the office since that date, and from the award of costs to the relator. The part of the judgment therefore which establishes the election of the plaintiff and the ouster of the defendant is not questioned upon this appeal.

Admitting the due election of the relator and that he is entitled to the office, the defendant now contends that it was his duty under section 5 of the public officers law (Consol. Laws, c. 47) to hold the office and exercise the duties thereof until the relator duly qualified, and that, therefore, the adjudication that he unlawfully entered into the office, and that the plaintiff during all the time has been entitled to the office, is erroneous and may be prejudicial to him in a future contest as to the fees and emoluments of the office since January 1, 1907, and that having held the office, as it was his duty to do, the visitation of the costs of the action upon him is erroneous. The position of the defendant is technical rather than substantial. During the litigation and until the Court of Appeals practically disposed of the question as to who was legally elected county treasurer, the defendant had not claimed the possession of the office as holding it until the relator qualified, but in his answer and during the litigation claimed to have been

legally elected. The issue which he tendered was contested to the end, and he was defeated upon every point in the litigation. The relator could not well qualify for the office when the certificate of election was held by the defendant, and the defendant by litigating the right of the relator to the office has in effect prevented the relator from qualifying and obtaining the possession of the office to which he was rightfully entitled. The evidence is not before us. The findings of fact show that commencing January 1, 1907, the defendant entered upon the duties of the office under his certificate of election, and has continued to hold the office pursuant to said certificate; that the relator January 1st notified the defendant of his election, and demanded the possession of the office. We may fairly infer from the findings that the demand was not complied with on account of the defendant's claim that he was duly elected to the office. If, when the relator demanded the office, the refusal had been placed upon the ground that he had not qualified, he would probably have attempted to qualify. The defendant's wrongful receipt of the certificate and qualification alone would have prevented relator from duly qualifying. The defendant is not now in a position at this late day as an afterthought, and in opposition to the pleadings and findings of fact, to change his position, and claim that he was holding the office simply as a holdover, and on account of the relator's neglecting to qualify.

The principle stated by Judge Allen in Johnson v. Oppenheim, 55 N. Y. 280, 291, applies here:

"The principle is that when some formal act or acts are to be performed by a party as a condition precedent to some right, or to perfect a right of action or property, and the act as performed is defective or imperfect, and the adverse party whose right it is to object and insist upon a more perfect compliance with the condition takes no objection to the manner of its performance, but, accepting the performance as perfect, places his objection to the claim and right asserted upon another distinct and independent ground, he is held to have waived all objection to the formal or technical defects. Or when a single objection to the performance is taken, and the party is silent as to all others, they are deemed to be waived. The rule rests upon the ground that the party by his silence has misled his adversary, and, not having spoken when he ought, shall not be permitted to speak when he would."

See, also, Balliett v. Metropolitan Life Ins. Co., 125 App. Div. 708, 110 N. Y. Supp. 77; Quinlan v. Welch, 141 N. Y. 158, 165, 36 N. E. 12. Where the insured, as a condition precedent to his right to recover upon a policy of insurance, must present proofs of loss, and the company absolutely denies liability upon the policy, it cannot rely upon the omission to present such proofs. Wilber v. Williamsburgh City Fire Ins. Co., 122 N. Y. 439, 25 N. E. 926; Grattan v. Metropolitan Life Ins. Co., 80 N. Y. 281, 36 Am. Rep. 617. Here, where defendant has claimed and held the office by virtue of an alleged election, he should not be heard to say that he was simply holding over because the party legally entitled to the office had failed to qualify. He has either waived that question or put himself in a position where he cannot be allowed to raise it in this litigation, but the judgment for the protection of the public interests properly requires that the relator qualify before he shall enter upon the duties of the office. Sections 1948 to 1956 of the Code of Civil Procedure regulate an action for ob-

taining possession and trying title to a public office, and is the recognized method of determining the rights of divers claimants thereto. Section 1951 recognizes that the plaintiff may have his right established, and may succeed in the action, although, in fact, he has not qualified. It is clear that if the defendant had occupied the position throughout this litigation that he was simply holding office under section 5 of the public officers law until his successor qualified, and that he refused to deliver up the office until that time, he could not be adjudged to be a usurper and charged with the expense of an action prematurely brought. But, as we have seen, the large amount of costs made in this action arose from the fact that the defendant litigated the rights of the relator to qualify, and claimed that he was duly elected and entitled to the office himself. The costs were therefore incurred in defeating the untenable claim which he made to the office. His answer alleged, and his conduct through the litigation showed, that he was in fact claiming possession to the office not as a holdover, but as a legally elected official for the term in dispute. I think, therefore, that he is not in a position to claim that the terms of the judgment are oppressive to him.

In People ex rel. Williamson v. McKinney, 52 N. Y. 374, the relator was duly elected and held the certificate of election. The defendant relied upon two separate defenses: (1) That by legislative enactment his term of office had been extended and covered the time for which the relator was elected; (2) that the relator had failed to qualify, and that defendant therefore was legally holding over until the relator qualified. The defendant failed in the first defense, but succeeded in the second, and it was determined that upon qualifying the relator should have possession of the office. In the case at bar the defendant held the certificate of election, and it was impossible for the relator to qualify, and defendant rested his defense solely upon the ground that he was legally elected to the office, which defense wholly failed. The real question litigated in this case was as to whether the relator or defendant was legally elected, and on that issue the defendant failed. That case is not therefore an authority against the views here expressed.

The judgment fairly follows the course of the litigation, and is justified by it, and should therefore be affirmed, with costs. All concur, except SEWELL, J., who writes for modification, and SMITH, P. J., not voting.

SEWELL, J. (dissenting). The complaint alleges in the first paragraph that in Chemung county in 1906 an election was held for the office of county treasurer to succeed this defendant, whose term of office was to expire on December 31, 1906. In the second paragraph it is alleged that at said election the relator received the greatest number of legal votes cast for the said office. In the third paragraph it is alleged that the said defendant "has usurped, intruded into, and now unlawfully holds and exercises the office of county treasurer of Chemung county and unlawfully claims and assumes to be the county treasurer of said county and to have the right to exercise the duties of office for the said term of three years from the first day of

January, 1907." The relief demanded is that the relator be held to have been legally elected to the office of county treasurer, and that the defendant be ousted. The answer in the first paragraph admits the election in 1906, and that a county treasurer was then lawfully to be chosen "to succeed Thomas J. Wintermute; this defendant, as county treasurer, whose term of office was to expire on December 31, 1906." The answer further denies that relator received the greatest number of votes cast at such election, and continues:

"And, further answering the complaint, this defendant denies that he has usurped and intruded into the office of county treasurer of Chemung county, and denies that he now unlawfully holds and exercises said office, and denies that he unlawfully claims and assumes to be the county treasurer of said county, and denies that he unlawfully claims and assumes to have the right to exercise the duties of said office for the term of three years from the 1st day of January, 1907."

The third, fourth, and fifth paragraphs then set forth that the defendant was duly elected at said election to succeed himself. The defendant then asks judgment, first, dismissing the complaint, and, second, determining his right to hold the office for three years from January 1, 1907.

The Court of Appeals upon a former appeal in effect determined that the relator was lawfully elected at the general election of 1906. Upon the retrial this claim was not contested. The defendant insisted that the judgment should determine relator's right to the office only upon his taking the oath of office and giving the bond required by law. The judgment, however, against his protest has gone further, and has declared that the defendant has "unlawfully usurped the office and intruded into the same," and has ousted him unconditionally, and has given the relator the right to the office upon due qualification. From this judgment the defendant has here appealed, objecting only to those provisions which have ousted him prior to the due qualification of the relator and those provisions which have declared that he has usurped the office and intruded into the same.

In People ex rel. Williamson v. McKinney, 52 N. Y. 374, the action was a quo warranto to determine the right to the office of town collector. The question there arose over a statute which extended the term of office of such a collector from one to three years. This statute was held unconstitutional, and the relator who had received a few votes only was declared duly elected. The defendant there defended upon the ground that the statute was legal upon which he was defeated. He also defended upon the ground that the relator had not taken the oath of office, which is the position now taken by this defendant. Relative to this defense Judge Andrews, writing for the court, says:

"The thirty-second section of the statute regulating proceedings by quo warranto (2 Rev. St. [1st Ed.]' p. 582) to ascertain the title to office assumes that all public officers are bound to take an oath of office. If the relator claims the office, and judgment passes in his favor, the section declares that he shall be entitled to take upon him the execution of the office, after taking the oath of office, and executing any official bond which may be required by law. The relator not having qualified, the defendant was rightfully executing the duties of the office of collector when this action was commenced."

In that case the judgment was directed declaring the rights of the parties in accordance with this opinion. Pursuant to that direction judgment was finally entered, which did not declare an absolute ouster, but only authorized the relator to assume the right to the office upon due qualification. Such a judgment may be called a judgment of qualified ouster. Now, the provisions of the Revised Statutes, under which that case was decided, have been substantially re-enacted in the Code. Section 5 of the public officers law provides that a public officer shall hold over "until his successor shall be chosen and qualified." While section 1948 of the Code seems to authorize the action only against one who usurps or intrudes into or unlawfully holds the office, when read in connection with section 1951 of the Code and also with the provision of section 5 of the public officers law, it would seem clear that at the time of the commencement of this action the defendant lawfully held the office, and that a judgment was not authorized to the effect that he unlawfully intruded into or usurped the office, or that he unlawfully holds the same. The only judgment authorized was one declaring the right of the relator to assume the duties of the office upon the due qualification therefor. This would seem to be the only judgment authorized directly within the authority of People v. McKinney, supra. In State v. Smith, 17 R. I. 415, 22 Atl. 1020, in an action of quo warranto, the question arose as to an election of town clerk. The defendant there justified under the right to hold over and also under a re-election which the court found to have been fraudulent. It was there held:

"That a qualified judgment of ouster should be entered against his holding office under the re-election, but permitting him to hold over until his successor should be inducted into office."

The opinion of the court in part reads:

"The respondent has put in issue his title under the election of June 1, 1891, and the people have the right to know whether such title is good or not. If the judgment of ouster should be absolute, the town would be left without a town clerk before a successor should be qualified to act, which is the very thing the statute is intended to prevent. If the information should be dismissed because the respondent may lawfully hold the office temporarily until a successor is qualified, that would always be a defense, and so his right under the contested election might not be determined at all. If the defense had been simply the right to hold until the qualification of a successor, which, under the pleadings, would have been equivalent to a disclaimer under the last election, doubtless no judgment of ouster could have been entered; for there would have been nothing upon which it could operate. The respondent's holding would then have been merely locum tenens, as it is now left under this opinion. We see no reason why a judgment may not properly be limited to an issue which involves a permanent right, although under another issue, which involves only a temporary right, an absolute judgment of ouster could not be entered, because of our statute authorizing the holding of an office until a successor is qualified to act. Such qualification would not be likely to occur before the question of the contested election had been settled."

I have been able to find no case holding any contrary law, and under this authority the judgment of absolute ouster would seem to be wholly unauthorized as would the judgment to the effect that the defendant has usurped and intruded into this office. The importance of this question to defendant lies in the fact that this judgment is a conclu-

sive adjudication in any subsequent action brought by relator to recover the fees of the office.

Nor can I agree with the holding of the prevailing opinion that this judgment is the only one authorized by the pleadings. Under the statute the relator was not entitled to this office until he had qualified by taking the oath of office and given a bond. The courts are frequently applied to to compel by mandamus the filing of a bond or of some other paper to qualify a claimant to bring an action to contest the title to an office. The complaint contained no allegation of any qualification, but did allege that the defendant was at the time of the election the duly qualified county treasurer, and that he still retained the office, claiming the right to do so, and alleged that he had unlawfully usurped and intruded into the office. The answer admitted that at the time of the election the defendant was lawfully holding the office, and denied that he was unlawfully usurping or had unlawfully intruded into the office. If this pleading had stopped there, is there any question that under this pleading he was entitled to claim that he was holding office by virtue of his right under section 5 of the public officers law above quoted? Is a party after having shown the facts entitling him to relief bound to appraise his adversary of his argument by which he claims that those facts entitle him to the relief which he asks? It would hardly seem that defendant was bound to deny the due qualification of the relator which had not been alleged in the complaint. It is true that the defendant further alleged his due election, but, if I understand the rule of pleading, if all the facts are alleged which would entitle the party to legal relief and that relief be demanded, it will be granted to him by the court, although other claims are made which are untenable. If the rule stated in the opinion of Mr. Justice KELLOGG is to hold, then a party will be compelled in his pleading to disclose to his adversary, not only the facts which constitute his defense, but his legal deductions from those facts. This is not what the Code requires of a pleading, and I find no authority for the court to add anything to the Code requirement. Under the pleadings and proofs defendant was lawfully holding over. How, then, is it possible that the judgment can rightfully adjudicate that he has usurped and intruded into the office? The law tolerates no paradoxes. In my opinion the judgment should be modified so as to declare simply an election of the relator and his right to the office upon due qualification, and, as so modified, affirmed, with costs of this appeal, however, to the appellant, who should prevail upon the only contention made.