(April 13, 1954.)

■

In the Matter of Frank Nitolo et al., Petitioners, against Lazarus Joseph, as Comptroller of the City of New York, Respondent.

*Per Curiam.* The question presented on this appeal is whether city employees coming within a variety of job descriptions come within the purview of section 220 of the Labor Law. The record in respect to the work done by the employees in the various groups and the extent to which the equipment upon which they work is affixed to the buildings is not sufficient for a determination. It is to be noted that the jobs in the different groupings are different and involve work in different places. It is impossible to ascertain from the meager evidence in the record whether the groups should be treated alike or the extent to which their work can properly be considered work on public buildings. The determination of the comptroller should be annulled and the matter remitted to him for the taking of further evidence and for a new determination in accordance with this opinion.

Bastow, J. (dissenting). The petitioners are employed by the City of New York under the title of "Furniture Maintainer (Woodwork)." They filed complaints under section 220 of the Labor Law requesting a determination by the comptroller of the prevailing rate of wages. Similar complaints were filed by other employees serving under different job descriptions but all relating to work upon furniture, desks, cabinets and wardrobes. Proceedings were brought to review the dismissal of their complaints but have been held in abeyance pursuant to a stipulation that all parties would be bound by the final determination in this proceeding.

In our opinion there is a single question here for determination and that determination may be made upon the record presented. The question presented is whether petitioners are employed upon "public works" within the meaning of section 220 of the Labor Law.

It has been recently written that "In proceedings of this nature the civil service description of an employee's duties must be determinative" (*Matter of Flannery* v. *Joseph,* 300 N. Y. 149, 155). Such description of the petitioner's duties is as follows: "To install, maintain and repair all kinds of school and office furniture, desks, cabinets, wardrobes, used by the City of New York: make new parts and match parts for repair; refinish and match old work: inspect furniture and recommend repairs or salvaging; perform related work as required."

It seems clear that through the years since the adoption of our first Labor Law by chapter 385 of the Laws of 1870 the words "public works" as used in present section 220 of the Labor Law have been considered by our courts as all fixed works constructed for public use. To adopt the contention of these petitioners that the section mandates the payment of the prevailing rate of

wage to all employees who perform any work upon an article adapted to the furtherance of the function of public work would require a drastic revision of the pertinent section by a process of judicial legislation.

Our courts have consistently rejected attempts to broaden the recognized meaning of the phrase " public works ". Thus, the comptroller was confirmed in dismissing similar proceedings upon the ground that section 220 of the Labor Law did not apply to laundry workers in institutions maintained by the City of New York (*Matter of Pinkwater* v. *Joseph,* 300 N. Y. 729). And in *Matter of Dinan* v. *Joseph* (304 N. Y. 696) the determination of the comptroller dismissing a similar proceeding was confirmed. There the petitioners were classified as auto enginemen and contended they were entitled to fixation of wages at the prevailing rate because their duties included operating motor vehicles which were used in the construction or maintenance of public works.

We view as untenable the contention of the petitioners that they are employed upon public works because some of the articles of furniture upon which they labor are fastened to the floors or walls of school buildings. The word " furniture " has a well-recognized meaning. The duties of the petitioners are to install, maintain and repair furniture. In this proceeding that is controlling. They may not distort the job description by attempting to show they are working upon public buildings because a school desk is fastened to the floor.

Section 220 of the Labor Law and its antecedents are based upon a sound public policy. It applies to those engaged in construction, maintenance or repair of public works. The job description here is plain and unambiguous. Sufficient evidence is found in the present record to pass upon the contentions of the petitioners. Those contentions are unsound and the comptroller properly dismissed the complaint.

The determination of the comptroller should be confirmed.

Peck, P. J., Callahan and Bergan, JJ., concur in *Per Curiam.* opinion; Bastow, J., dissents and votes to confirm determination, in opinion in which Breitel, J., concurs.

Determination of the comptroller annulled and the matter remitted to him for the taking of further evidence and for a new determination in accordance with the opinion herein. Settle order on notice.