In the Matter of STEPHEN DON et al., Petitioners, against LAZARUS JOSEPH, as Comptroller of the City of New York, Respondent.

First Department, June 14, 1955.

*Bernard A. Abrashkin* of counsel (*Abrashkin & Krieger,* attorneys), for petitioners.

*Alfred Weinstein* of counsel (*Seymour B. Quel* with him on the brief; *Peter Campbell Brown, Corporation Counsel,* attorney), for respondent.

*Per Curiam.* The petitioners seek to review a determination of the comptroller of the City of New York which, after a hearing, dismissed prevailing wage complaints made under section 220 of the Labor Law. The petitioners are employed by the city in the title of " Carriage Upholsterer." At the hearing an attempt was made to prove that the employees did work which was in the nature of construction, maintenance, or repair of public buildings within the meaning of section 220 of the Labor Law. This proof was rejected by the hearing officer.

It is conceded by the city that this ruling was erroneous in the light of the subsequent holdings in *Matter of Golden* v. *Joseph* (307 N. Y. 62) and *Matter of Nitolo* v. *Joseph* (283 App. Div. 857). It thus appears that the parties are in agreement that the determination of the comptroller should be annulled and the matter remitted to the comptroller for further proceedings. The area of disagreement, however, stems from the comptroller's contention that such remission should be for a determination of whether the petitioners come within the purview of section 220 of the Labor Law and, if so, a fixation of the prevailing rate of wages. The employees, on the other hand, argue that the remission should be for the sole purpose of fixing such rate.

The petitioners, as carriage upholsterers, have been classified by the municipal civil service commission in Part 38 of the competitive class and their compensation fixed at the prevailing rate of wages as determined by law. (Municipal Civil Service Comm., Classification of Offices, Places and Employments, Part 38; Rules and Regulations of New York City Agencies, 1938–1946, p. 482.) In view of this action, we conclude that *Matter of Golden* v. *Joseph* (*supra,* p. 68) is controlling. There, certain stationary firemen brought a similar proceeding for fixation of the prevailing rate of wages. It is true that it was there undisputed that the petitioners regularly made repairs on boilers which were necessary parts of public buildings. The court stated this as one of six reasons why the petitioners were entitled to the prevailing rate of wages. One of the other six reasons for the decision of the court was stated to be that " [t]hese petitioners, as stationary firemen, have been classified by the municipal civil service commission in Part 38 of the competitive class, in a salary grade ' at the prevailing rate of wages  *  *  * as determined by law '. We have indicated that grading is a controlling factor in the fixing of compensation for incumbents of positions in the graded services of the competitive class (see *Matter of Corrigan* v. *Joseph,* 304 N. Y. 172, 182; also Civil

Service Law, § 6). While the validity of such grading may be challenged in a direct suit against the officials who adopted and approved the grade, such grading except in such a suit, must be deemed valid in any subsequent administrative or judicial proceeding wherein any collateral attempt is made to question the legality of the grading (see *Matter of Corrigan* v. *Joseph, supra*, p. 186, note). Therefore, the grading of the petitioners in Part 38 of the competitive class at the prevailing rate of wages, not directly challenged, entitles them to section 220 relief, procedurally, rather than relegating them to suits at law for those same prevailing wages."

The determination of the comptroller should be annulled, with $20 costs and disbursements to the petitioners, and the matter remitted to him for fixation of the prevailing rate of wages without prejudice to the prospective reclassification of the position by the municipal civil service commission.

CALLAHAN, J. (dissenting). I vote to remit the matter to the comptroller to determine whether the employees are within the purview of section 220 of the Labor Law and, if he so determines, to fix the prevailing rate.

PECK, P. J., BREITEL and BASTOW, JJ., concur in *Per Curiam* opinion; CALLAHAN, J., dissents in opinion in which COHN, J., concurs.

Determination annulled, with $20 costs and disbursements to the petitioners and the matter remitted to the comptroller for fixation of the prevailing rate of wages, without prejudice to the prospective reclassification of the position by the municipal civil service commission. Settle order on notice.