Edgar J. Nathan, Jr., J.
In this proceeding pursuant to article 78 of the Civil Practice Act, petitioners seek to annul a resolution adopted by the Board of Estimate of the City of New York on December 28, 1956, pursuant to which the compensation for the position of climber and pruner was fixed at $3,750 minimum to $4,830 maximum, in salary grade 7 of the Career and Salary Plan, effective as of July 1, 1954; and for an order compelling the comptroller of the City of New York to proceed to hear and determine the petitioners’ verified complaints for the fixation of the prevailing rate of wages for the position of climber and pruner, pursuant to section 220 of the Labor Law.
The petition alleges that between the dates of December 19, 1953 and April 3, 1957, the date the reclassification of their position into a nonprevailing rate category was approved by the State Civil Service Commission, the petitioners were entitled, by virtue of the provisions of section 220 of the Labor Law, to a greater compensation during that period than was provided in the salary grading resolution of December 28, 1956. On the record before the court the validity of the resolution turns upon whether the Board of Estimate possessed the power to reduce the petitioners’ salary retroactively after it was earned under the classification then in effect. Furthermore, an issue is presented as to whether the resolution, as a basis to a valid reclassification of the position under the Career and Salary Plan adopted on July 9, 1954, resulted in a downgrading of the petitioners in contravention of the principles of the Career and Salary Plan and the Civil Service Law.
Up to April 3, 1957, the position of climber and pruner was classified by the City Civil Service Commission in Part 38 of the competing class. The compensation for the position under this grade required payment of the prevailing rate of wages as determined under the Labor Law. Consequently, the resolution which was merely the first step to the regrading of the position to bring it in under the Career and Salary Plan had no effect on the classification in force up to April 3,1957 (Matter of Burri v. Kern, 180 Misc. 74, affd. 266 App. Div. 841, affd. 291 N. Y. 776). While no valid reclassification could be created until the salary for the grade is first established by the Board of Estimate, the regrading of the position by the City Civil Service Commission pursuant to its resolution of March 15, 1957, only became effective under subdivision 2 of section 11 of the Civil Service Law on April 3, 1957, when that resolution was approved by the State Civil Service Commission (Matter of Corrigan v. Joseph, 304 N. Y. 172).
*348 As the position remained classified in a grade which required payment of compensation as fixed by the Labor Law, the Board of Estimate lacked the power on December 28, 1956, to reduce the petitioners’ salaries retroactively to July 1,1954 (New York City Charter, § 67). Since the petitioners had earned the compensation payable under the statute, their right to be paid at the prevailing rate of wages was absolute and neither the Board of Estimate nor the Civil Service Commission could reduce .the compensation below that fixed by the Labor Law during the period the petitioners were classified in Part 38 (Mark v. Board of Educ., 303 N. Y. 154; Pitt v. Board of Educ., 216 N. Y. 304; McCann v. City of New York, 52 App. Div. 358, affd. 166 N. Y. 587). The Board of Estimate and the comptroller were bound by that classification and the petitioners were entitled to be paid at the prevailing rate of wages for the services rendered between December 19, 1953 and April 3, 1957 (Matter of Don v. Joseph, 286 App. Div. 236, affd. 1 N Y 2d 708).
Subdivision 1 of section XII of the Career and Salary Plan specifically provided that the salary of any position subject to the plan shall not be reduced for the permanent incumbent. At the time the plan was adopted the position of climber and pruner was excluded from its operation. Assuming that the resolution of December 28,1956, brought the position of climber and pruner within the scope of the plan on that date, it is quite clear that the salary scale incorporated therein authorizing a retroactive reduction of earned wages is void not only because it violates the principles of the Career and Salary Plan but because the Board of Estimate lacked the authority to reduce the compensation of positions while the salary was fixed by statute.
If the resolution fixed the salary grade as of July 1, 1954, at less than the compensation to which petitioners were entitled by statute on and after July 1, 1954, the resolution would be invalid because it constituted an attempt to take away or to impair petitioners ’ rights to their positions and to the compensation received by them under the existing classification in violation of the Civil Service Law and the terms of the Career and Salary Plan (Matter of Brennan v. Kern, 258 App. Div. 1049, mod. 284 N. Y. 810). Of course, if, as a result of the resolution, the petitioners are entitled to an adjustment in salary which equals or exceeds the compensation due them from July 1,1954 to April 3,1957, they would have no cause for complaint.
Unquestionably, petitioners are entitled to the prevailing rate of wage’s for the services they rendered between December 19, 1953 and April 3, 1957. However, the comptroller has not *349 yet acted on the complaints filed by the petitioners and determined the prevailing rate of wages due them pursuant to section 220 of the Labor Law during the period the position of climber and pruner was classified in Part 38 of the competing class. Until the comptroller renders such a determination, the court cannot determine on the present record whether the resolution of December 28, 1956, illegally deprived the petitioners of the compensation they earned after July 1, 1954. If the compensation due petitioners under the statute exceeds the salary limits fixed by the Board of Estimate as of July 1, 1954, the resolution is void since the Board of Estimate lacked the power under section 67 of the New York City Charter to fix the salary of the position while the position was classified in Part 38 and could not affect the petitioners’ vested rights to the greater earned compensation due them under the Labor Law (Matter of Don v. Joseph, supra; McCann v. City of New York, supra).
The City and State Civil Service Commissions have no control over the fixation of salaries of city employees (Matter of Ryan v. Kaplan, 213 App. Div. 131, affd. 240 N. Y. 690). That power is lodged in the Board of Estimate subject to the limitations set forth in section 67 of the New York City Charter. Since the City and State Civil Service Commissions took no part in the adoption of the Board of Estimate’s resolution of December 28, 1956, they are not necessary or proper parties to this proceeding which seeks to annul that resolution.
For the foregoing reasons the motion to annul the resolution of the Board of Estimate of December 28, 1956, is granted to the extent of directing the comptroller to investigate and determine the petitioners’ claims for prevailing wages under the Labor Law from December 19, 1953 to April 3, 1957. Pending the rendition of the comptroller’s determination the final disposition of this application is to be held in abeyance.
Settle order.