In the Matter of CHESTER P. WILLIAMSON, Respondent, v. MARIE C. FERMOILE et al., Constituting the Civil Service Commission of the County of Niagara, Appellants.

Fourth Department, April 3, 1969.

*Samuel L. Tavano, County Attorney (Miles A. Lance* of counsel), for appellants.

*Findlay, Hackett, Reid & Wattengel (Paul H. Reid, Jr.,* of counsel), for respondent.

*Per Curiam.* This is an appeal from a judgment declaring petitioner's discharge from the post of Executive Secretary of the Niagara County Civil Service Commission to be invalid, and awarding him back pay from August 24, 1967 to December 31, 1967. Petitioner was appointed Executive Secretary on February 11, 1964. On August 24, 1967 the commission met and by a vote of two Commissioners discharged the petitioner, effective August 25, 1967. On October 26, 1967 an order was entered by this court which reversed a Special Term's determination that the term of Eldridge E. Hunt, one of the members of the Niagara County Civil Service Commission, had not expired May 31, 1966. The Appellate Division order provided: " It is hereby ORDERED, That the order so appealed from be, and the same hereby is unanimously reversed on the law and facts, without costs, and judgment is hereby granted in favor of the defendant as follows: ' Ordered and Adjudged, that plaintiff's term expired on May 31, 1966.' " (*Hunt* v. *Niagara County Bd. of Supervisors,* 28 A D 2d 1076.)

Petitioner contends that since Hunt's term of office expired May 31, 1966, his vote on August 24, 1967 to discharge petitioner was invalid, and since only one other Commissioner and Hunt voted for discharge, the other Commissioner abstaining, petitioner was never legally discharged.

Section 5 of the Public Officers Law states: " Holding over after expiration of term. Every officer except a judicial officer, a notary public, a commissioner of deeds and an officer whose term is fixed by the constitution, having duly entered on the duties of his office, shall, unless the office shall terminate or be

abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified; but after the expiration of such term, the office shall be deemed vacant for the purpose of choosing his successor. An officer so holding over for one or more entire terms, shall, for the purpose of choosing his successor, be regarded as having been newly chosen for such terms. An appointment for a term shortened by reason of a predecessor holding over, shall be for the residue of the term only.''

Special Term held that since the power to replace Hunt was rendered inoperative by an order obtained July 19, 1966 restraining the Board of Supervisors from naming a replacement for him, his holdover status under section 5 terminated on that date.

The language of section 5 does not provide that an officer is not to be given holdover status when he obtains a court order preventing the appointment of his successor. It merely states that an incumbent office holder will hold over from the expiration of his term until his successor is chosen and has qualified.

Petitioner strongly relies upon *People ex rel. Deister* v. *Wintermute* (134 App. Div. 65, affd. without opn. 197 N. Y. 539) involving a dispute between two candidates for the office of County Treasurer. The incumbent's term expired and he was certified as re-elected to fill the succeeding term by the Board of Elections. However, the validity of his election was challenged. After two trials and several appeals it was determined that his opponent was validly elected. The defeated incumbent then argued that the costs of the litigation should not be assessed against him as he was merely holding over in the office until his opponent qualified. The court disagreed and held that he claimed the office by virtue of election, and having been defeated on this point he should be assessed the costs of the litigation.

A clear distinction between *Wintermute* and the instant case is that in *Wintermute* a valid choice had been made of the incumbent's successor, whereas no appointment of a successor in this case was made until after the contested action discharging petitioner. Until a successor was appointed, section 5 would allow Hunt to hold over and continue to discharge the duties of his office. The logic of Special Term is not persuasive and would denigrate the trial court's right to preserve the *status quo* pending resolution of the issue at hand and place limitations on the right to issue temporary restraining orders and preliminary injunctions not found in the CPLR 6301, 6311, 6313.

We would conclude that Hunt was properly holding over, under section 5 of the Public Officers Law, until his successor was appointed and qualified, and the act of August 24, 1967 removing petitioner as Executive Secretary was validly voted upon by him.

The application of the four-month Statute of Limitations of CPLR 217 is asserted by respondents-appellants to apply to the petitioner. Petitioner was discharged effective August 25, 1967 and his petition was served February 22, 1968, more than four months subsequent to the discharge. Petitioner contends the time should run from the date of a letter demanding reinstatement: '' A proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner * * * *or after the respondent's refusal, upon the demand of the petitioner* * *  to perform its duty ''. (CPLR 217; emphasis supplied.)

Petitioner relies upon the above-underlined portion of CPLR 217 to support his theory that the four months began to run from November 14, 1967, the date he sent a letter to the County Attorney asking that the legality of his discharge be reconsidered in light of the Appellate Division opinion.

It seems clear that petitioner's discharge became final and binding on August 25, 1967 and that he seeks a review of the determination of the commission to discharge him. (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7804.02.) His letter was merely a request to reconsider that decision and did not serve to extend the time to commence his proceeding beyond four months from August 25. (*Matter of Hall* v. *Leonard*, 260 App. Div. 591, affd. 285 N. Y. 719; *Matter of Nelson* v. *Kelly*, 4 A D 2d 596.)

A subsequent court decision which affects a party's legal rights does not revive a cause of action which is not timely instituted, or extend the time within which to bring the action or proceeding. (*Robinson* v. *Robins Dry Dock & Repair Co.*, 238 N. Y. 271.) No court can extend the Statute of Limitations (CPLR 201). The new CPLR limitation provisions specifically excluded revival of actions barred at its effective date (CPLR 218, subd. [a]). There is even some doubt about the Legislature's power to revive a cause of action, time barred. (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 218.02; cf. *Campbell* v. *Holt*, 115 U. S. 620 [1885].)

The judgment should be reversed and the petition dismissed, without costs.

442

GOLDMAN, P. J., DEL VECCHIO, MARSH, BASTOW and HENRY, JJ., concur.

Judgment unanimously reversed and petition dismissed, without costs.