■ SYLVAN L. SACOLICK, et al., Respondents-Appellants, v ANTHONY CAGLIOSTRO, as Chairman of the Drug Abuse Control Commission of the State of New York, et al., Appellants-Respondents.—In an action (1) to declare that the Medicaid reimbursement allowance paid to methadone maintenance (MMT) clinics for methadone maintenance treatments of indigent patients is constitutionally confiscatory and discriminatory, (2) for a direction that defendants are to promulgate a new, valid fee structure, retroactive to January 1, 1973 and (3) to enjoin defendants from applying or enforcing certain present regulations, (1) the parties cross-appeal from a judgment of the Supreme Court, Kings County, dated January 18, 1975, which, after a nonjury trial, *inter alia* adjudged that the methadone maintenance rate paid by the City of New York violates the equal protection

clauses of the State and Federal Constitutions, except from so much of the judgment as dismissed the action of the fictitiously-named plaintiffs and (2) defendants appeal from an order of the same court, dated June 26, 1975, which enjoined them from enforcing certain regulations pending determination of the appeal from the judgment. Appeal from the order dismissed as academic, without costs, in view of the determination herein on the appeal from the judgment. Judgment reversed insofar as appealed from, on the law and the facts, without costs, and it is declared that the Medicaid allowances made to the physician-plaintiffs by defendants have not been violative of their constitutional rights; have not been confiscatory or discriminatory; and have not deprived the physician-plaintiffs of their rights, as physicians, to earn a livelihood in their profession, including their rights in the treatment of indigent patients by methadone maintenance at their privately owned clinics. Methadone administration by private physicians for the treatment of heroin addiction became subject to Medicaid allowances in New York State and city in September, 1972. The maximum amount of such payments is to be determined by the New York State and city Departments of Health (and not by the Supreme Court), in collaboration with social service agencies of the city and State. The State Commissioner of Health and the Commissioner of Health of the City of New York are statutorily authorized to fix and determine the amount of Medicaid allowance which should be made to any physician, hospital or hospital-type facility supplying medical services to an indigent patient in New York State or New York City. The Federal Medicaid law (US Code, tit 42, § 1396) requires that the local administrator of a health agency who is responsible for Medicaid payments should consider the quality of the medical care furnished in arriving at a determination as to the reasonably allowable Medicaid reimbursement. Special Term, in its decision herein, properly noted that an article 78 proceeding is generally the proper vehicle by which to review a public officer's determination as to the application of a statute, but that "when violation of constitutional rights" is involved, the injured party may seek recourse to declaratory judgment. The owners of a privately operated facility, such as the subject MMTs, have no constitutional right to be guaranteed a profit in the operation of their facility (see *Matter of Sigety v Ingraham,* 29 NY2d 110, revg 34 AD2d 316). In *Sigety* a similar claim was asserted in an article 78 proceeding brought to review a determination of the State Commissioner of Health. The court held that the owner of a nursing home was not entitled to an annulment of the determination of the public officer who had found that the owner was not absolutely entitled to a Medicaid allowance covering his claimed costs in supplying medical services to patients in his nursing home. In *Sigety,* the Court of Appeals reinstated the order of Special Term, which had dismissed the petition because the determination as to the amount of Medicaid fees was not arbitrary, capricious or contrary to law. The determination of the divided Appellate Division in that matter had remanded the proceeding to the State Health Commissioner for reconsideration of his determination. The other constitutional violation asserted by Special Term and plaintiffs as a basis for declaratory relief is that the Medicaid allowance of $4 per visit to operators of MMTs by the defendant New York City Commissioner of Health discriminated against such clinics because the State, since March, 1973, has been allowing a maximum of $6 per visit to privately owned clinics outside of New York City. That is not unconstitutional discrimination; the city's health agencies have the right to fix what they deem to be a reasonable Medicaid allowance in the light of the services rendered by the New York City MMTs. The cases of *Rothstein v Wyman* (303 F Supp 339)

and *Boddie v Wyman* (434 F2d 1207), relied on by plaintiffs in this connection, do not support their position. In those cases the question was whether a person requiring public welfare assistance was entitled to the same welfare assistance as those living in adjoining counties where a similar cost of living existed. As there was no deprivation of plaintiff's constitutional rights here which would justify a declaratory judgment action, therefore, as in *Sigety (supra)* and *Matter of Bernstein v Department of Health of City of N. Y.* (NYLJ, June 2, 1969, p 17, col 5, affd 34 AD2d 739), the appropriate remedy for review of Medicaid allowances claimed to be unreasonable or contrary to law is a proceeding pursuant to CPLR article 78. The Commissioner of Health of New York City, in his answer herein, has asserted that such a proceeding is the appropriate remedy for review of the propriety of such payments. In *Matter of Bernstein (supra)*, the trial court, in an article 78 proceeding, considered a situation similar to the one at bar. In that proceeding several chiropractors petitioned, on behalf of themselves and other chiropractors in New York City similarly situated, contending that the New York City Health Commissioner's fixing of a Medicaid allowance at $3 per visit for indigent patient visits was unreasonable and contrary to law on the ground that the State Medicaid handbook allowed a maximum of $5 per visit. Special Term, in dismissing the petition, found that the determination was not arbitrary, capricious or contrary to law; the Appellate Division unanimously affirmed that determination, without opinion. Rabin, Acting P. J., Hopkins, Martuscello, Brennan and Munder, JJ., concur.