■ Law Research Service, Inc., Appellant, v. Honeywell, Inc., Respondent.

Appeal (1) from an order of the Supreme Court, New York County, entered on August 12, 1968, which granted a motion by defendant for an order to dismiss the complaint, and (2) from the judgment entered thereon.

*Per Curiam.* In this action for a declaratory judgment, the plaintiff moved to stay the entry of a confession of judgment in defendant's possession pending the determination of the action. The defendant, before answer, cross-moved to dismiss the complaint pursuant to CPLR 3211. Special Term granted the defendant's cross motion, holding that the plaintiff could not recover upon the allegations set forth in the complaint, and judgment was entered accordingly dismissing the complaint on the merits.

Courts in this State have followed the rule in declaratory judgment actions that on a motion to dismiss the complaint for failure to state a cause of action, the only question is whether a proper case is presented for invoking the jurisdiction of the court to make a declaratory judgment, and not whether the plaintiff is entitled to a declaration favorable to him. (*Lanza* v. *Wagner,* 11 N Y 2d 317; *Rockland Light & Power Co.* v. *City of New York,* 289 N. Y. 45, 51; *Baldwin* v. *City of Buffalo,* 7 A D 2d 386; *Sylvander* v. *Taber,* 6 A D 2d 987.) "Where a proper case for a declaration is set out * * * the merit of the claim is not a relevant factor and the action should be allowed to proceed to trial and judgment" (*Garcia* v. *MVAIC,* 18 A D 2d 62). This is not to say, nevertheless, that the courts have not on occasion by way of motion reached the merits of a declaratory judgment. If no issue of fact is raised by the pleadings, or if the facts are conceded, a proper case is presented for judgment on the merits on defendant's motion to dismiss the complaint. (*Garcia* v. *MVAIC, supra,* p. 63; *Baldwin* v. *City of Buffalo, supra,* p. 387; *Civil Serv. Forum* v. *New York City Tr. Auth.,* 4 A D 2d 117; *Cinema Corp. of America* v. *De Mille,* 149 Misc. 358 [Sheintag, J.], affd. 240 App. Div. 879.) The summary judgment and partial summary judgment procedure has also been utilized in a declaratory judgment action (CPLR 3212; *Janos* v. *Peck,* 21 A D 2d 529, 531, affd. 15 N Y 2d 509; *Martin* v. *State Liq. Auth.,* 43 Misc 2d 682, affd. on the opinion below, 15 N Y 2d 707; *Bohan* v. *Town of Southhampton,* 227 N. Y. S. 2d 712; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3001.13).

Defendant's instant cross-motion was properly made before answer (CPLR 3211, subd. [e]) and was treated by the Special Term as one for summary judgment (CPLR 3211, subd. [c]). It is not clear, however, from the documentary evidence and affidavits submitted below, that the parties entered into a new agreement superseding the original agreement, and, even assuming that there was a new agreement, that the plaintiff-appellant performed its part of the bargain. The question as to whether plaintiff-appellant breached a condition of the "agreement" regarding complete performance before a specified date cannot be resolved as a matter of law, the determination requiring a trial of disputed issues of fact as well as issues of law "tied in with disputed facts". (*Janos* v. *Peck, supra,* p. 531; *Rockland Light & Power Co., supra,* p. 50.)

The order and judgment should be reversed on the law insofar as defendant's cross motion to dismiss the complaint was granted and the cross motion should be denied, and insofar as the order denied the plaintiff-appellant's motion, as amended, for a stay of the entry of a confession of judgment, it should be reversed, on the law and in the exercise of discretion, and the motion should be granted, with costs and disbursements to plaintiff-appellant.

Eager, J. P., Tilzer, Nunez and Macken, JJ., concur in *Per Curiam* opinion; Rabin, J., not voting, deceased.

Order and judgment entered on August 12, 1968, and August 14, 1968, respectively, reversed, on the law, insofar as defendant's cross motion to dismiss the complaint was granted and the cross motion is denied; and insofar as the order denied the plaintiff-appellant's motion, as amended, for a stay of the entry of a confession of judgment, said order is reversed, on the law and in

the exercise of discretion, and the. motion granted, with $50 costs and disbursements to plaintiff-appellant.