KRONISH, LIEB, SHAINSWIT, WEINER & HELLMAN, Respondent, v. JOHN J. REYNOLDS, INC., Appellant, et al., Defendant.

First Department, February 17, 1970.

*Sylvan D. Freeman* of counsel (*Dreyer & Traub,* attorneys), for appellant.

*Seymour Shainswit* of counsel (*Eric Sivin* with him on the brief; *Kronish, Lieb, Shainswit, Weiner & Hellman, pro se*), for respondent.

EAGER, J. P.   The defendant appeals from an order and judgment which denied its motion to make the plaintiff's alleged first cause of action more definite and certain and to dismiss the second cause of action and which granted the plaintiff's application for partial summary judgment on the first cause of action.

The first cause of action sought declaratory judgment determining the rights and legal relations of the parties with respect to a proposed subleasing by plaintiff of office premises leased by it from defendant, including the incidental relief of an injunction and damages.   The plaintiff alleges that the defendant, as landlord, in breach of its obligations under the lease of the subject premises, had unreasonably delayed and withheld its consent to proposed subleases.   The defendant, before answer, moved to dismiss the cause of action for insufficiency or, alternatively, to require a more definite statement of its allegations. The plaintiff, in opposing defendant's motion, applied on affidavits and accompanying papers for partial summary judgment fixing the rights and obligations of the parties.   The plaintiff's application, although made before answer, was authorized by CPLR 3211 (subd. [c]) providing that a party, upon the hearing of a 3211 motion, "may submit any evidence that could properly be considered on a motion for summary judgment and the court may treat the motion as a motion for summary judgment." This provision for the treatment of a 3211 motion as a summary judgment motion furnishes the authority in a proper case for the rendering of summary judgment before joinder of issue and to this extent is independent of the provisions contained in CPLR 3212.   (See 6 Carmody-Wait 2d, New York Practice, § 38.39, p.

409; McKinney's Cons. Laws of N. Y., Book 7B, Rule 3211 Supplementary Practice Commentary by David D. Siegel, 1964 [Cumulative Annual Pocket Part, 1969–70, p. 200]; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3211.50, 3212.02; *Firestone v. First Dist. Dental Soc.*, 24 A D 2d 268; *Dona v. Board of Supervisors of County of St. Lawrence*, 48 Misc 2d 876, 879–880; cf. *Milk v. Gottschalk*, 29 A D 2d 698; *Pisano v. County of Nassau*, 41 Misc 2d 844, affd. 21 A D 2d 754.)

Upon receipt of plaintiff's papers opposing defendant's motion and seeking partial summary judgment, the defendant, conceding the sufficiency of the first cause of action as a pleading statement, served a notice withdrawing its motion insofar as the motion sought a dismissal of such cause of action. The defendant points out that it had belatedly realized that the motion to dismiss the declaratory judgment cause posed only the question whether the complaint presented a proper case for invoking the jurisdiction of the court to render a declaratory decree (see *Law Research Serv. v. Honeywell, Inc.*, 31 A D 2d 900, and cases cited). On submission of the motion, the defendant took the position at Special Term that the withdrawal of the motion to dismiss precluded the consideration by Special Term of plaintiff's application for summary judgment. Consequently, the defendant submitted no papers in opposition to the application. Special Term, however, concluded that the defendant's withdrawal of the motion was merely a procedural tactic designed to forestall a proper determination of the merits of the action. Thereupon, solely upon the plaintiff's amended complaint and the plaintiff's affidavit and attached papers, Special Term rendered partial summary judgment purporting to declare and determine the rights and legal obligations of the parties as requested by plaintiff.

Although we conclude that the withdrawal of defendant's motion to dismiss the first cause did not divest Special Term of jurisdiction to entertain plaintiff's application for summary judgment, the declaratory judgment as directed may not stand. The plaintiff's right to summary judgment for the declaration sought depended upon a proper submission clearly establishing that only questions of law were involved. (See *Janos v. Peck*, 21 A D 2d 529, affd. 15 N Y 2d 509; *Manufacturers & Traders Trust Co. v. Bell*, 270 App. Div. 796, affd. 296 N. Y. 844.) The existence of an arguable basis for a claimed dispute in relevant facts would defeat the right to summary judgment. (See *Glick & Dolleck v. Tri-Pac Export Corp.*, 22 N Y 2d 439, 441; *Millerton Agway Corp. v. Briarcliffe Farms*, 17 N Y 2d 57, 61; *Shibley*

v. *Travelers Ind. Co.*, 15 A D 2d 696; *Town of Harrison* v. *County of Westchester*, 13 A D 2d 708.)

Furthermore, the proper application of CPLR 3211 (subd. [c]) requires that a defendant be afforded full opportunity to demonstrate the existence of bona fide issues of fact bearing upon the merits of a summary judgment sought by motion thereunder. The section should be applied to authorize judgment prior to the joinder of issue only in those cases where, after such opportunity, it clearly appears that there are no triable issues of fact. If it appears that an answer, when and if served, could raise triable issues, the motion should be denied, leaving the plaintiff to the remedy of a subsequent application under CPLR 3212.

Here, following the rendition of partial summary judgment as directed by Special Term, the defendant served and plaintiff accepted an answer to the first cause of action as pleaded in the amended complaint. In fact, plaintiff's counsel, on the argument of the appeal, with the consent of defendant's counsel, presented the answer to this court for consideration in determination of the appeal. Consequently, we are now presented with the anomalous situation where the issues purported to be determined by a judgment are presented as undetermined by an answer served after the rendition of the judgment. On its face, the answer does raise issues bearing on the rights and obligations of the parties and a rendering of judgment in this case should dispose of such issues.

It is true that the prima facie proofs presented by the plaintiffs and the statements in the briefs of the parties indicate that the issues raised by defendant's answer, as now served, are feigned and not genuine. However, the critical point is that a determination on the merits may not be rendered on the basis of the record where, as it now appears, the defendant has not been given proper opportunity to submit proofs in support of its now presented denials and alleged defenses. Particularly in an action for declaratory judgment, " All of the material facts and circumstances should be fully developed before the respective rights of the parties may be adjudicated." (See *Armstrong* v. *County of Onondaga*, 31 A D 2d 735, 736.) Consequently, the declaratory judgment directed on the first cause of action should be vacated without prejudice to a renewal by plaintiff of its motion for summary judgment as authorized by CPLR 3212.

Finally, the allegations of the second cause of action are insufficient to justify an award of punitive damages. This cause is grounded upon the " general course of conduct whereby it [defendant] has maliciously violated its agreement with plain-

tiff and other tenants  *  *  *  to allow them to sublease their premises.'' The right of plaintiff to recover punitive damages is not established by the allegations that the breaches by defendant of its obligations under the lease were with the intent to wrongfully extract sums of money from tenants in return for sublease consents; that they were '' part of a pattern and practice whereby defendant  *  *  *  has maliciously, knowingly and willfully ignored its civil obligations under its leases with the tenants ''; and that such '' willful misconduct of defendant  *  *  *  will continue unless it is deterred by the imposition of punitive damages ''. (See 14 N. Y. Jur., Damages, § 183, p. 45; *James* v. *Powell,* 19 N Y 2d 249; *Walker* v. *Sheldon,* 10 N Y 2d 401; *American Electronics* v. *Neptune Meter Co.,* 30 A D 2d 117.)

The order and judgment, entered October 22, 1969, should be modified, on the law, to strike all the decretal paragraphs and provisions therein excepting only the provision denying defendant's motion to require a more definite statement of the first cause of action, and the order as to such provision should be affirmed, all without costs and disbursements; and defendant's motion to dismiss the second cause of action should be granted, without costs; and plaintiff's application for partial summary judgment should be denied, without costs and without disbursements, and without prejudice to a renewal by plaintiff of its motion for summary judgment under CPLR 3212.

CAPOZZOLI, McGIVERN and MACKEN, JJ., concur.

Order and judgment (one paper), entered on October 22, 1969, unanimously modified, on the law, without costs and without disbursements, to strike all decretal paragraphs excepting the provision denying defendant's motion to require a more definite statement of the first cause of action, and the order as to such provision affirmed; defendant's motion to dismiss the second cause of action granted, and plaintiff's application for partial summary judgment denied, without prejudice to renewal by plaintiff of its motion for summary judgment.