In the Matter of LOUIS HEIMBACH et al., Appellants, v LOUIS V. MILLS, as County Executive of the County of Orange et al., Respondents.—In a proceeding pursuant to CPLR article 78 to set aside the 1976 real property tax equalization rate for the taxing districts within Orange County, as that rate was determined by the respondent county executive, and to compel the adoption of the equalization rates set for those districts by the State Board of Equalization and Assessment (SBEA), petitioners and the proposed intervenors appeal from a judgment of the Supreme Court, Orange County, dated June 14, 1976, which (1) granted respondents' motion to dismiss the petition and (2) denied the motions of the proposed intervenors for leave to intervene. Judgment reversed, on the law, without costs or disbursements, motion to dismiss denied, motions for leave to intervene granted, and proceeding remitted to Special Term for further proceedings not inconsistent herewith. The time within which respondents are to serve their answer is extended until 20 days after entry of the order to be made hereon. Subdivision (c) of section 3.02 of the Orange County Charter provides that the county executive shall determine the real property tax equalization rates among the various taxing districts. Petitioners, the Towns of Wallkill and Wawayanda and the supervisors of those towns, attack the respondent county executive's fixation of a uniform 100% equalization rate for all of the tax districts within the county. They allege, *inter alia,* that: such action was arbitrary and capricious; the rate was improper; failure to file supporting data pursuant to subdivisions 2 and 3 of section 804 of the Real Property Tax Law effectively deprived them of their right to appeal to the SBEA; and the charter provision in question violates sections 800, 802 and 804 of the Real Property Tax Law, which require such rates to be set by a county equalization agency consisting of the board of supervisors or three commissioners appointed by that board. The proceeding was dismissed by Special Term, essentially because of its conclusion that an article 78 proceeding was not the proper vehicle for a determination of the constitutionality of the charter provision. Special Term cited the case of *Matter of Overhill Bldg. Co. v Delaney* (28 NY2d 449, 457–458) in support of its refusal to exercise its discretion to treat the proceeding as though it were an action for declaratory judgment. It is our view that a proper exercise of discretion required that the proceeding be treated as a hybrid one for both article 78 and declaratory relief (cf. *Matter of Kovarsky v Housing & Development Admin.*

*of City of N. Y.,* 31 NY2d 184, 191–192; see, also, CPLR 103, subd [c]) since all necessary parties are before the court and the issues relate to nonconstitutional as well as constitutional matters. The constitutional issue is whether the charter provision impermissibly violates sections 800 *et seq.* of the Real Property Tax Law (see NY Const, art IX, § 2, subd [c]). Cohalan, Acting P. J., Rabin, Shapiro and O'Connor, JJ., concur.