■ MORRIS M. GAMBLE et al., Appellants, v CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Respondent.—Order unanimously reversed, with costs, and motion denied, Simons, J., not participating. Memorandum: Plaintiffs appeal from an order granting defendant insurance company's motion under

CPLR 3211 (subd [a]) for dismissal of the complaint upon the documentary defense of the insurance policy. Plaintiff Morris Gamble was an employee of a firm of architects which had a group insurance contract with defendant company, affording major medical expense coverage to him and his wife. Plaintiff Lucille Gamble was his wife and dependent and covered by the policy. In 1971 she had an accident and was rendered totally disabled. Defendant then began paying her medical expenses, pursuant to the insurance policy. On February 16, 1973 Lucille obtained a decree of divorce against Morris. On July 31, 1973 Morris terminated his employment with the firm of architects. On February 16, 1974 defendant ceased paying Lucille's medical expenses, and this action was brought for a judgment declaring defendant's obligation to continue to pay her medical expenses. Defendant contends that since Lucille's divorce on February 16, 1973 she ceased to be a dependent of Morris. The terms of the divorce decree, however, are not a part of this record. Since under that decree Morris may have been directed to support Lucille during their joint lives, it cannot be determined on this record that she ceased to be a dependent of Morris on February 16, 1973 within the meaning of the insurance contract (see *Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.,* 34 NY2d 356, 361; *Sincoff v Liberty Mut. Fire Ins. Co.,* 11 NY2d 386, 390–391). For that reason the order must be reversed and the motion denied, without prejudice to a new motion for summary judgment, if either party is so advised, where all the facts may be before the court and may be undisputed. In any event, the court should declare the rights and obligations of the parties under the contract *(Lanza v Wagner,* 11 NY2d 317, 334; *Rockland Light & Power Co. v City of New York,* 289 NY 45, 51; *Messina v City of Batavia,* 38 AD2d 678; *Law Research Serv. v Honeywell, Inc.,* 31 AD2d 900). Plaintiffs contend that since her accident occurred while the policy was in effect, defendant is responsible for all her claims growing out of the accident, and that the time limitation provisions in the policy refer to claims arising after the effective date of the policy. We agree, however, with the contention of defendant insurance company that the policy does not refer to "claims" but only to "expenses incurred", and that only expenses incurred within one year of the termination of the insurance, to wit, Morris' employment, are covered. Moreover, if Lucille ceased to be a dependent of Morris on the date that the decree of divorce was granted, to wit, February 16, 1973, then her rights under the policy cease on February 16, 1974, as the defendant contends. (Appeal from order of Onondaga Supreme Court—dismiss complaint.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.