■ HENRY I. FILLMAN et al., as Directors of 1125 Park Avenue Corporation, Appellants, v KERMIT AXEL et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County, entered January 16, 1978, granting defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law, and, without costs and without disbursements, to declare that defendants have the lawful right and authority to automate the building's elevators and to do what may be appropriate to achieve that purpose, and otherwise affirmed. In this declaratory judgment action, three members of the board of directors of a co-operative apartment building seek, in substance, a declaration that the defendants, the remaining four directors, are exceeding their authority in taking steps to convert the building's three manually operated elevators to automatic status. The defendants moved pursuant to CPLR 3211 (subd [a], pars 1, 7) to dismiss the complaint on the grounds of documentary evidence and for failure to state a cause of action. The court at Special Term dismissed the complaint on the ground that it failed to state a cause of action. Apart from exhibits that do not qualify as documentary evidence under CPLR 3211 (subd [a], par 1), there were submitted on behalf of the defendants the following relevant documents: certificate of incorporation of 1125 Park Avenue Corporation; by-laws of 1125 Park Avenue Corporation; and form of proprietary lease of 1125 Park Avenue Corporation. On behalf of the plaintiffs there were submitted, in addition to papers not qualifying as documentary evidence, the plan of co-operative organization and purchase agreement for 1125 Park Avenue. The rule is, of course, well established in declaratory judgment actions that "on a motion to dismiss the complaint for failure to state a cause of action, the only question is whether a proper case is presented for invoking the jurisdiction of the court to make a declaratory judgment, and not whether the plaintiff is entitled to a declaration favorable to him." *(Law Research Serv. v Honeywell, Inc.,* 31 AD2d 900, 901; see, also, *Lanza v Wagner,* 11 NY2d 317; *Rockland Light. & Power Co. v City of New York,* 289 NY 45, 51.) This does not mean, however, that the courts may not reach the merits of a declaratory judgment on a motion to dismiss. As further pointed out in *Law Research Serv. v Honeywell, Inc. (supra, p 901):* "If no issue of fact is raised by the pleadings, or if the facts are conceded, a proper case is presented for judgment on the merits on defendant's motion to dismiss the complaint." We have examined closely the documents submitted by both parties on defendants' motion to dismiss on the ground of documentary evidence. (CPLR 3211, subd [a], par 1.) The broad powers vested in the board of directors to manage the building clearly encompass the right to make the decisions here challenged. Nothing in the proprietary lease nor in the plan of co-operative organization in any way qualifies the power of the board of directors to so act. Accordingly, defendants are entitled to a judgment declaring their lawful authority to automate the building's elevators and to take whatever action may be proper to achieve that end. In light of this conclusion, we do not think it necessary to reach other questions that were raised either explicitly or by implication. Concur—Evans, J. P., Fein, Lane, Markewich and Sandler, JJ.