■    In the Matter of T. L. C. MEDICAL TRANSPORTATION SERVICES, INC., Petitioner, v COMMISSIONER OF DEPARTMENT OF HEALTH OF NEW YORK STATE, Respondent.—Determination unanimously confirmed, without costs. Memorandum: Petitioner, the operator of a registered invalid coach service, brings this CPLR article 78 proceeding to review a determination of the Commissioner of the New York State Department of Health which adopted the findings and conclusions of the hearing officer that petitioner violated article 30 of the Public Health Law and the regulations promulgated thereunder when it transported the victim of an industrial accident to an emergency room of a hospital in Syracuse, New York. On May 21, 1976 James W. Brown, an employee of Central Plating Company, fell 12 to 15 feet from a ladder injuring his right knee and hip. Brown's superior telephoned and requested that petitioner transport Brown to the hospital, informed it of the accident and Brown's complaints of pain, and stated that no emergency existed. An invalid coach was dispatched to the scene of the accident and petitioner's attendant examined Brown. After the attendant returned to petitioner's main office to obtain a stretcher and additional

personnel, Brown was transported by petitioner to a nearby hospital, where it was determined that Brown had fractured his hip in five places and suffered a bone chip in his right knee. The Department of Health commenced an administrative proceeding against petitioner for its conduct and found it in violation of article 30 of the Public Health Law which prohibits an invalid coach service from providing emergency medical service in transit. Petitioner maintains that substantial evidence does not support the conclusions and order of the Commissioner of Health, and that article 30 of the Public Health Law and 10 NYCRR Part 800 (the State Emergency Medical Services Code) promulgated thereunder are so devoid of meaningful definitions of essential terms that they are unconstitutionally vague. Although a CPLR article 78 proceeding generally may not be utilized to challenge the constitutionality of a legislative enactment, where both parties have briefed and argued the constitutional issues and its resolution seems fairly clear, the courts permit conversion of the CPLR article 78 proceeding to a declaratory judgment action for the purposes of determining the constitutional question *(Matter of Kovarsky v Housing & Dev. Admin. of City of N. Y.,* 31 NY2d 184, 191, 193; *Matter of 241 East 22nd St. Corp. v City Rent Agency,* 33 NY2d 134, 142, n 2; *Matter of Heimbach v Mills,* 54 AD2d 982, 983). The Appellate Division is permitted to determine the issue of constitutionality subsequent to a transfer pursuant to CPLR 7804 (subd [g]). *(Matter of Shook v Lavine,* 49 AD2d 238, 239.) Due process requires that a legislative enactment must be sufficiently definite as to give a reasonable man subject to it notice of the nature of the offense prohibited and what is required of him *(People v Lang,* 36 NY2d 366, 370; *People v Pagnotta,* 25 NY2d 333, 337; *People v Byron,* 17 NY2d 64, 67). This does not prohibit the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding *(People v Byron, supra).* Article 30 of the Public Health Law is not unconstitutionally vague. Subdivisions 1 and 6 of section 3001 of the Public Health Law and 10 NYCRR 800.22 (d) specifically prohibit an invalid coach service from providing emergency care in transit or emergency medical service (see, also, 10 NYCRR 800.3 [13]). Subdivision 1 of section 3001 of the Public Health Law defines "emergency medical service" as a "service engaged in providing initial emergency medical assistance including, but not limited to, the treatment of trauma, burns, respiratory, circulatory and obstetrical emergencies" (see 10 NYCRR 800.3 [4]). Subdivision 6 of section 3001 of the Public Health Law provides that an "invalid coach service" may transport "invalid, infirm or disabled persons not requiring emergency care in transit" (see 10 NYCRR 800.3 [14]). In contrast, an "ambulance service" may transport "sick, disabled or injured persons" (Public Health Law, § 3001, subd 2; 10 NYCRR 800.3 [6]). Thus the definition of persons who may be transported by an invalid coach service does not include "injured" persons. Therefore, a reasonable person, upon reviewing the applicable statutes and regulations, would know that an invalid coach service can transport only the above-defined group of persons who are unable to transport themselves, while an ambulance service treats and transports accident victims and persons unexpectedly stricken with ailments requiring immediate medical attention. Clearly, it is evident from the facts and circumstances of this accident that ambulance service was required for this medical emergency—a service not within petitioner's lawful authorization. The hearing officer correctly interpreted the applicable statutes and regulations and applied them to the present factual situation. The determination of the hearing officer and the Commissioner of the Department of Health is supported by undisputed evidence in the record

that the petitioner violated article 30 of the Public Health Law by transporting the injured Brown to a hospital. (Art 78 proceeding transferred by order of Onondaga Supreme Court.) Present—Marsh, P. J., Cardamone, Simons, Hancock, Jr., and Schnepp, JJ.