OPINION OF THE COURT
Roger J. Miner, J.
In this action for declaratory judgment and injunctive relief defendants City of New York and Brezenoff (the city defendants) move for dismissal of the complaint for failure to state a cause of action, asserting that only the third and fourth causes of action pertain to them. Although plaintiffs contend that only the third cause of action is pleaded against the city defendants, defendants Blum, State Department of Social Services, Miller and Carey (the *155 State defendants) allege that the city defendants may be liable under the second, fourth and sixth causes of action. Accordingly, while supporting the arguments of the city defendants in certain respects, the State defendants oppose the motion to dismiss. Also before the court is plaintiffs’ cross motion to restrain the city defendants “from suspending payment to the plaintiffs as voluntary child care agencies for the care of children referred to”.
Plaintiff council is a not-for-profit corporation with a membership of 107 authorized voluntary child care agencies in the State of New York. Plaintiff Sheltering Arms is a voluntary child care agency with its principal office in New York City. It has entered into a written agreement with the city defendants, as representatives of a social services district, to provide certain child care services. Apparently, that contract and other similar contracts have been extended by the city defendants through April 30, 1980. In their third cause of action the plaintiffs allege, and it does not seem controverted, that the city defendants have reimbursed the voluntary agency plaintiffs for certain child care services at a rate less than the State aid rate promulgated by the State Department of Social Services. The plaintiffs also make the following allegation: “Section 398-a (2) of the Social Services Law mandates the defendant New York City as a social services district to pay to the plaintiffs 100% of the reimbursement rate promulgated by the Department provided that rate is fair and reasonable and is determined in accordance with § 398-a (2).” The city defendants and the State defendants challenge this allegation.
Within its territory, a social services district is responsible for the welfare of children who are in need of public assistance and care, support and protection. (Social Services Law, § 395.) In the discharge of these responsibilities the city defendants operate direct care programs or place children with voluntary foster child care agencies pursuant to contract. The contracts include references to a schedule of rates established by the city for child care services. The city rates are determined by the city Department of Social Services after a review of programs and categories and *156 audit of actual agency expenditures. In contrast, the State aid rate is established by the State Department of Social Services and constitutes a maximum rate for the computation of the State’s responsibility for 50 % of the cost of care of foster children after deduction of Federal funds received. (Social Services Law, § 153, subd 1 [par d].) It appears that the city applies the State rate at 100% for 55 of the 220 programs offered by plaintiff agencies but has established a lesser rate for the remaining programs.
There is no requirement that the city defendants reimburse plaintiffs at 100% of the established State rates. It is only required that the State department establish standards of payment including “the care required to be provided for the foster child and the cost of such care.” (Social Services Law, § 398-a, subd [2].) Implementing regulations have been adopted to establish a maximum State aid rate beyond which State reimbursement will not be made. (18 NYCRR Part 427.) Considering that no minimum rates have been established, the State commissioner has approved reimbursement rates below the maximum, and his interpretation respecting power to fix rates should be afforded considerable weight. (Matter of Howard v Wyman, 28 NY2d 434; cf. Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451.) In any event the rights of the plaintiffs to compensation for the program services rendered derives from the contracts they have made with the city.
The court rejects the plaintiffs’ contention that the Social Services Law mandates a State-wide uniform payment system for child care. Although it is provided that State department standards of payment for care are not applicable in social services districts where the State commissioner has made a finding that the district has adopted standards substantially equivalent to those promulgated by the State (Social Services Law, § 398-a, subd [3]), this provision lends no support to plaintiffs’ argument. It is plaintiffs’ contention that the provision allows a local social services district to set standards of payment different from State aid rates only after an appropriate finding by the State commissioner, a contingency which has not occurred here. However, the rate established under this *157 alternate procedure would merely result in the establishment of a maximum limit with respect to State reimbursement, and it would appear that the procedure should be utilized only where a local district is interested in exceeding State aid rates because of special local circumstances.
The legislative history furnished by plaintiffs is not persuasive. Although the legislation was designed to eliminate an irrational and fragmentary payment system, it also was intended to prevent increased costs for child care and a “bidding up” of such costs through interdistrict and inter-agency competition. (Memorandum of New York State Department of Social Services, June 7, 1973, par 6; Budget Report on Bills, May 31,1973, par 4c.) There is nothing in the legislative scheme to prevent a social services district from contracting at a rate lower than the State aid rate. Albany Med. Center Hosp. v Schreck (49 Misc 2d 1011), cited by plaintiffs, is inapposite, since there was involved in that case a statute specifically requiring payment to the hospital by the public welfare district at rates prescribed by the department.
The motion to dismiss by the city defendants presents a proper case for a declaratory judgment on the merits, since no real factual issues are raised. (Law Research Serv. v Honeywell, Inc., 31 AD2d 900; Fillman v Axel, 63 AD 2d 876.) Accordingly, a declaratory judgment may be entered in favor of the city defendants as to the third cause of action. The city defendants also are entitled to a declaratory judgment as to the fourth cause of action, wherein they are charged with a violation of the New York State Constitution in failing to allocate available funds. (Matter of Bernstein v Toia, 43 NY2d 437.) In the court’s opinion no other cause of action is pleaded against the city defendants. The cross motion to enjoin the city defendants from suspending payments will be denied, plaintiffs having failed to demonstrate a repudiation of any obligation or any acts in violation of plaintiffs’ rights respecting the subject of the action; they also have failed to establish the elements required for the issuance of a preliminary injunction. (7A Weinstein-Korn-Miller, NY Civ Prac, par 6301.09; Brand v Bartlett, 52 AD2d 272.)
*158 An order consistent with the foregoing shall be settled on notice by the attorney for the city defendants and all papers are returned to him for that purpose. The court notes that there was no opposition to plaintiffs’ motion to compel the depositions of certain State defendants in Calendar No. 17; accordingly, an order may be submitted by plaintiffs’ attorneys and the moving papers in Calendar No. 17 are returned to them herewith.