Donald B. **LAMONT**, Plaintiff,

v.

James H. **TULLY** Jr., Francis Koenig, and Thomas H. Lynch, as the President and Members of the New York State Tax Commission, Defendants.

No. 81–CV–563.

United States District Court, N. D. New York.

June 26, 1981.

Lovejoy, Wasson, Lundgren & Ashton, New York City, for plaintiff; Douglas Foster, Stephen R. Sugrue, New York City, of counsel.

Robert Abrams, Atty. Gen. of the State of New York, Syracuse, N. Y., for defendants; Charles F. Corcoran, Jr., Asst. Atty. Gen., Syracuse, N. Y., of counsel.

## MEMORANDUM—DECISION

MUNSON, Chief Judge.

Plaintiff Donald B. Lamont brings this action to enjoin the State of New York from pursuing collection of $700,000 in an alleged personal income tax deficiency. The State insists that Mr. Lamont was a resident of New York for each of the years 1976, 1977 and 1978, although he timely filed non-resident returns in each of those years. The New York State Tax Commission has previously attempted the collection of a jeopardy assessment of more' than one million dollars under Section 694 of the N.Y. Tax Law for taxes allegedly owed in those three years. The State proceeded with seizure of over $340,000 in plaintiff's assets to satisfy that assessment. Plaintiff not only obtained a stay of the assessment, but was also successful in obtaining a decision by N.Y. Supreme Court on August 20, 1980, declaring Section 694 an unconstitutional denial of due process protections afforded by the 14th amendment.

The present Notice of Deficiency represents a renewed attempt by the Commission to collect the alleged deficiency for the three years in question, and it stipulates that the total amount comes due on June 16, 1981.

Additionally, plaintiff requests that this Court declare Article 22, §§ 689(c) and 690 of N.Y. Tax Law unconstitutional as applied to the plaintiff, on grounds that they violate the Due Process protections guaranteed by the Fourteenth Amendment.

## I.

The parties contest the meaning and application of the Tax Injunction Act, 28 U.S.C. § 1341 to establish the propriety of federal court jurisdiction. The statute states:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state.

Tax Injunction Act, 28 U.S.C. § 1341 (1948). When examining the application of such statutory authority, the court must not only evaluate all available state remedies, but must also take a close look at both the meaning and interpretation of the legislation itself.

However, at the outset, it is important to note that this Circuit has recognized limitations to § 1341, and that proper jurisdiction to challenge a taxing statute may lie in federal court. The decision of *Mobil Oil v. Tully*, 639 F.2d 912, 918 (2d Cir. 1981), found tax assessment to be actually an exercise of police power, and hence that § 1341 could not operate as a bar to this Court's jurisdiction.

Furthermore, the Second Circuit has recognized that § 1341 will not prevent federal court review of a suit where "a taxpayer contended that an unusual sanction for non-payment of a tax admittedly due violated his Constitutional rights, an issue which, once determined, would be determined for him and for all others." *Wells v. Malloy*, 510 F.2d 74, 77 (2d Cir. 1975). The court in *Wells* interpreted the purpose of § 1341 as preventative of taxpayers generally con-

testing the validity of tax assessments on grounds of state or federal law. That opinion was narrowed by factual circumstances that involved the unconstitutional imposition of a penalty for a tax legitimately owed, whereas the present case involves the imposition of a state income tax assessment that appears to be entirely incorrect, thus subjecting the plaintiff to immediate payment without the safeguard of a "plain, speedy and efficient remedy" before the courts of New York State.

## II.

■ Proper federal court jurisdiction then turns on the availability of a proper remedy under New York law. This Court must rely on the Supreme Court's recent and thorough analysis of what constitutes a "plain, speedy and efficient remedy" in their decision of *Rosewell v. LaSalle Nat. Bank*, —— U.S. ——, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981). That Court held that such a remedy under state law shall be measured in a "procedural" context. *Id.* at ——, 101 S.Ct. at 1229. Justice Brennan then went on to evaluate the petitioner's available state remedies, recounting that the Illinois refund procedure "provides the taxpayer with a 'full hearing and judicial determination' at which she [the petitioner] may raise any and all constitutional objections to the tax." *Id.* The Court further added that, "[a]ppeal to the higher Illinois courts is authorized, Ill.Rev.Stat., ch. 20 § 675, and review is ultimately available in this Court, 28 U.S.C. § 1257." *Id.*

However, the present case exposes a set of circumstances where no such procedural review is available. Plaintiff correctly argues that any further administrative consideration will result not in judicial *de novo* review on appeal, but rather in a narrow administrative review process which may *only* address 1) the arbitrariness of the prior determination by the N.Y.S. Tax Commissioner, 2) any abuse of discretion involved in the decision, and 3) whether the determination finds the support of substantial evidence from the entire record. Furthermore, plaintiff correctly argues that no de-

claratory judgment relief is available to him in state court. A closer analysis of Mr. Lamont's possible yet unacceptable state procedural avenues follows.

## III.

Clearly the administrative review before the Tax Commissioner to determine Mr. Lamont's residency does not meet the standard described in *Rosewell, supra,* requiring, "that a State remedy must 'provide [ ] the taxpayer with a "full hearing and judicial determination" at which she may raise any and all constitutional objections to the tax.'" *Id.* at ——, 101 S.Ct. at 1229–30, citing *Hillsborough v. Cromwell*, 326 U.S. 620, 625, 66 S.Ct. 445, 449, 90 L.Ed. 358 (1946). The "procedural" focus of the Court was further defined by reference to their decision in *Tully v. Griffin, Inc.* 429 U.S. 68, 74, 97 S.Ct. 219, 223, 50 L.Ed.2d 227 (1976) which articulated the necessary standard as "whether under New York law there is a 'plain, speedy and efficient' way for [the taxpayer] to press its constitutional claims while preserving the right to challenge the amount of tax due."

More significant, however, is the fact that *Rosewell* was a plurality opinion, with Justice Blackmun's concurring opinion stating "that the remedy provided by Illinois law qualifies, though perhaps only barely, as 'plain, speedy and efficient,' within the meaning of the Tax Injunction Act." Surely, when petitioner's administrative and judicial recourse includes *de novo* appeal, and yet "barely" meets procedural requisites, the administrative avenue open to Mr. Lamont does not even come close to satisfaction of the "plain, speedy and efficient remedy" requirements.

## IV.

Plaintiff is prevented from initiating his request for relief via an Article 78 proceeding, as the courts have consistently viewed such a proceeding an improper vehicle to attack the constitutionality of a legislative enactment. *T.L.C. Medical Transp. Services, Inc. v. Commissioner of Dept. of Health*, 66 A.D.2d 999, 412 N.Y.S.2d 70

(1978); *Peninsula General Nursing Home v. Sugarman*, 57 A.D.2d 268, 394 N.Y.S.2d 644 (1977). However, if all the necessary parties are named, the court is empowered to convert the action to one for declaratory judgment relief, rather than dismiss. *Peninsula, supra; Siwek v. Mahoney*, 85 Misc.2d 27, 379 N.Y.S.2d 1014 (1976), *reversed on other grounds*, 39 N.Y.2d 159, 383 N.Y.S.2d 238, 347 N.E.2d 599; *Figueroa v. Bronstein*, 72 Misc.2d 920, 339 N.Y.S.2d 877 (1972), *affirmed* 47 A.D.2d 815, 367 N.Y. S.2d 953, *affirmed* 38 N.Y.2d 533, 381 N.Y. S.2d 470, 344 N.E.2d 402, *appeal dismissed* 429 U.S. 806, 97 S.Ct. 41, 50 L.Ed.2d 67 (1976).

## V.

Should an action either be brought pursuant to CPLR § 3001, for declaratory relief, or have reached such a posture by a converted Article 78 proceeding, plaintiff will yet be without a "plain, speedy and efficient remedy" in state court.

First, this Court does recognize that an action for declaratory relief is a proper format for constitutional contest of the controlling statute, *Aubin v. Biggane*, 51 A.D.2d 1054, 381 N.Y.S.2d 533 (1976); *Sacolick v. Cagliostro*, 50 A.D.2d 875, 377 N.Y. S.2d 153 (1975), *affirmed* 42 N.Y.2d 861, 397 N.Y.S.2d 791, 366 N.E.2d 878 (1977).

However, when a constitutional challenge is coupled with necessary factual determinations, the plaintiff is left without procedural recourse under a declaratory judgment proceeding. *King v. Power Authority of N.Y.S.*, 44 A.D.2d 74, 353 N.Y.S.2d 547, 550 (Sup.Ct.1974) *affirmed* 38 N.Y.2d 756, 381 N.Y.S.2d 50, 343 N.E.2d 767 (1975); *Martin v. State Liquor Authority*, 43 Misc.2d 682, 252 N.Y.S.2d 365, 374 (Sup.Ct. 1964) *affirmed*, 15 N.Y.2d 707, 256 N.Y.S.2d 336, 204 N.E.2d 496 (1965); *N.Y.S. Council, etc. v. Blum*, 105 Misc.2d 154, 431 N.Y.S.2d 907, 909 (Sup.Ct.1980); *Fillman v. Axel*, 63 A.D.2d 876, 405 N.Y.S.2d 471, 472 (Sup.Ct. A.D.1978); *Law Research Service, Inc. v. Honeywell Inc.*, 31 A.D.2d 900, 298 N.Y.S.2d 1, 2 (App.Div.1969); *Seagram & Sons, Inc. v. Hostetter*, 45 Misc.2d 956, 258 N.Y.S.2d 442, 454 (Sup.Ct.1965). In this case, the very core of the controversy centers on plaintiff's residency; a factual determination which should in no way be determined by way of declaratory judgment proceedings. Nor can that factual dispute be laid aside to allow focus on the constitutional challenge alone, for such ignorance of the facts would remove the case from the posture of a justiciable controversy, as the plaintiff would then be without reason to challenge any procedural ramifications of the administrative process which seeks to impose a tax burden resulting directly from a factual determination of Mr. Lamont's residency. Such dispute of a material fact places this case in an analogous position with a controversy pending summary judgment. Neither posture allows a final decision. *Kronish, Lieb, Shainswit, Weiner & Hellman v. Reynolds, Inc.* 33 A.D.2d 366, 307 N.Y.S.2d 725, 729 (Sup.Ct.1969).

Plaintiff has alleged a related constraint on the applicability of CPLR § 3001, in citing *Slater v. Gallman*, 38 N.Y.2d 1, 377 N.Y.S.2d 448, 449, 339 N.E.2d 863 (1975) for the proposition that a plaintiff must first exhaust his administrative remedies before pursuing declaratory relief. Although this rule is not incorrect, it would be more accurate to recognize that the "exhaustion" requirement must be met for purposes of clearing the controversy of disputed material facts, thereby rendering the case ripe for declaratory judgment.

Aside from any supposition by this Court as to the procedural impact of the exhaustion requirement, the State courts have recognized that where an administrative procedural avenue is prescribed by statute, a plaintiff must first avail himself of that opportunity. *Arredondo v. State of New York*, 55 A.D. 278, 390 N.Y.S.2d 653, 654 (App.Div.1977); *Finger Lakes Racing Assoc., Inc. v. W.R. Off-Track Betting*, 86 Misc.2d 616, 382 N.Y.S.2d 692 (Sup.Ct.1976). Here the relevant statute prescribes specific administrative review of the Tax Commissioner's unilateral residency determination by way of a hearing before the Commission to review their own determination. Section

689. Thereafter, the only appeal open to the plaintiff is by way of an Article 78 proceeding to question the arbitrariness of the determination, and to examine the entire record for support by substantial evidence. Section 690, incorporating CPLR 7804 by reference.

Therefore the plaintiff is forced to subject himself to the very procedural device which he maintains is unconstitutional. Even if the plaintiff did choose to subject himself to this administrative process, the review and unfavorable determination by the Tax Commissioner and subsequent Article 78 proceeding would still not clear plaintiff's case of the factual controversy which prevents declaratory judgment on the constitutionality of the process itself.

Furthermore, any state proceeding plaintiff pursues is potentially hampered by the State's prerogative under CPLR § 5519(a)(1). That statute authorizes the State to file a Notice of Appeal without any court approval thereby automatically vacating any stay or injunction previously invoked by the plaintiff. The Commission employed this strategy in Mr. Lamont's previous State Court action contesting the constitutionality of § 694, thereby necessitating an immediate request by the plaintiff that the appellate division vacate the statutory effect of § 5519.

Of course under *Rosewell*, the enforced payment of a tax (properly or improperly assessed) does not constitute any constitutional violation, even where the amount is delayed in refund and returned without interest, so long as the taxpayer has access to the courts to contest the return of the funds. In light of the procedural avenue open to Mr. Lamont, it is unlikely that any available state forum would allow Mr. Lamont to prevent the collection of the total amount assessed. Despite the significant detriment that this payment may cause, payment alone is not sufficient grounds for criticism of the taxing situation.

However, in this case, not only may Mr. Lamont be subjected to immediate payment by operation of § 5519, but he would also be faced with relitigating his case each time the state noticed an appeal. *Rosewell, supra*, recognized that multiplicity of suits constituted inefficiency, *citing Georgia Railroad & Banking Co. v. Redwine*, 342 U.S. 299, 303, 72 S.Ct. 321, 323, 96 L.Ed. 335 (1952). Neither the Second Circuit nor the Supreme Court has not had the opportunity to review the applicability of 28 U.S.C. in light of the procedural effects of CPLR § 5519(a)(1), for in *Tully v. Griffin*, 429 U.S. 68, 97 S.Ct. 219, 50 L.Ed.2d 227 (1976), the State had voluntarily reissued the Notice of Deficiency just 3 days prior to its expiration, thereby temporarily rendering moot any claims for injunctive relief.

The plaintiff's argument finds further support in *Rosewell, supra*, under that Court's study of the plain meaning of the statute, which concluded that, " 'uncertainty' surrounding the state court remedy lifts the bar to federal court jurisdiction." *Id.* —— U.S. at ——, 101 S.Ct. at 1231. Here, conjecture as to the Commissioner's decision to impose CPLR § 5519, coupled with their refusal during oral argument to voluntarily forebear from issuing an assessment pending resolution of a state court proceeding prevents the plaintiff from adopting the pursuit of injunctive or declaratory relief in state court, with any security that this procedural avenue will postpone payment pending final decision. The unfairness of the plaintiff's predicament is enhanced by a prior decision in the Southern District Court involving Mr. Lamont on another matter, but which specifically found him to have been a resident of Connecticut from 1975, until the date of decision, December 9, 1980. Despite Mr. Lamont's persuasive showing that his chances of establishing non-residency are strong, the operation of § 5519 would complicate and perhaps destroy what would otherwise be a viable and fair means of delaying payment of the entire assessment until adjudication.

Clearly, these procedural complications have left the plaintiff without a "plain, speedy and efficient remedy." Consequently, § 1341 is not a bar to this Court's jurisdiction of this case.

## VI.

Plaintiff has alleged that he will be irreparably harmed if subjected to payment of the tax assessment, furthermore he has displayed a strong showing of the likelihood of success on the merits, on the strength of the S.D.N.Y. decision which found Mr. Lamont a resident of the State of Connecticut, albeit on another matter.

The standard of governing the issuance of a preliminary injunction in this Circuit requires a showing of:

(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.

*Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979).

Under this standard, and in light of the foregoing reasons, this Court hereby grants plaintiff's motion to preliminarily enjoin any collection on the Notice of Deficiency issued by the Tax Commissioners, pending a hearing on the merits.

However, this Court does not address plaintiff's claim for declaratory judgment at this time, for the reason that the defendants have not fully addressed themselves to this issue, and further, because any determination of that question would necessitate an address of the merits of plaintiff's claims, and would more properly be determined at a hearing for that purpose.