■ In the Matter of THERESA COSTELLO, Petitioner, v CESAR A. PERALES, as Commissioner of the State Department of Social Services, Respondent.—Casey, J. Proceeding (transferred to this court by order of the Appellate Division, Second Department) pursuant to CPLR article 78 to review a determination of respondent which sustained the foster care payment rates established for petitioner by the Orange County Department of Social Services.

Petitioner challenges the denial of her request for a retroactive increase in the foster care payments received by her during the period March 1985 through September 1987 from the Orange County Department of Social Services (hereinafter Orange DSS). When petitioner and her husband received their seven-month-old foster child in March 1985, they were unaware of the severity of the child's handicapping conditions. Subsequent testing, done shortly after the child was a year old, revealed that the child is developmentally disabled, blind and cannot walk or talk. Orange DSS was apparently aware that the child was disabled when she was placed with the foster parents and, therefore, the monthly payment to petitioner was $45 more than the $175 per month standard payment for foster care services fixed by Orange DSS. In March 1987, the monthly payment to petitioner increased to $322; in July 1987 it increased to $525; and in October 1987 it increased to $725. These increases were the result of petitioner's requests and, although Orange County's standard payment for basic foster care services also increased during this period, the payments to petitioner were in excess of the standard rate.

At the time of the last increase in the payment to petitioner, Orange DSS classified petitioner's foster child as in need of "exceptional" services. Thereafter, petitioner's request for an increase beyond $725 per month was denied by Orange DSS and the denial was affirmed by respondent. Petitioner then requested retroactive payment at the $725 per month rate from March 1985 through September 1987. Orange DSS denied the request and, after a fair hearing, respondent affirmed the denial. Petitioner commenced this proceeding to review the latter determination.

The relevant State regulations, adopted pursuant to Social Services Law § 398-a, require that each social services district establish a schedule of rates which it shall pay for foster care service (18 NYCRR 427.6 [a]). State reimbursement of actual payments to foster parents is limited to a maximum level (18 NYCRR 427.6 [b]), and different maximum levels are fixed for

State reimbursement in the case of children who require "special foster care services" (18 NYCRR 427.6 [c]) and "exceptional foster care services" (18 NYCRR 427.6 [d]). The regulations do not provide any minimum level of payment.

According to the testimony of the Orange DSS representative at the fair hearing, the rate schedule established by Orange DSS consisted of a standard rate, which was far below the maximum level set for State reimbursement. Orange DSS had no scheduled rate for children requiring "special" or "exceptional" services. Instead, the basic rate would be supplemented, on a case-by-case basis, depending upon the amount of care and attention required for the particular foster child. According to the representative, there were objective criteria for fixing the rate in such a case, although the criteria were not reduced to writing until late 1986 or 1987. Orange DSS did not classify children as needing "special" or "exceptional" foster care services until such time as its payments to the foster parents exceeded the State's maximum reimbursement rate for basic foster care services. Thus, in the case at bar, petitioner's foster child was not classified as needing exceptional foster care services until October 1987, when the rate paid to petitioner was increased to a level above the maximum level of State reimbursement for basic foster care services.

Petitioner contends that the child should have been classified as in need of exceptional foster care services in March 1985 and, therefore, the payment rate during the period March 1985 through September 1987 should have been at the higher rate for exceptional services. There is, however, no statutory or regulatory requirement that a local agency classify foster children based on the child's requirement of basic, special or exceptional services (see, 18 NYCRR 427.6). Nor is there any requirement that the local agency establish separate payment schedules for the foster care of children requiring basic, special and exceptional services. The State maximum levels are ceilings for reimbursement purposes only and need not be followed by the local agency in setting its own rates (New York Council of Voluntary Child Care Agencies v Blum, 105 Misc 2d 154, 156). Respondent concluded that the methodology employed by Orange DSS did not violate any statutory or regulatory requirement, and we find nothing irrational in that conclusion.

As to the particular rates paid to petitioner during the disputed period, respondent found them to be neither arbitrary nor capricious. This finding was based upon the testi-

mony of the Orange DSS representative that during infancy the care and attention required by petitioner's foster child was not much greater than that required of a normal infant, but that as the child grows older her needs will require considerably more care and attention than a normal child. The representative also testified that the particular rates were determined after an evaluation by a caseworker, supervisor and senior supervisor based upon certain objective criteria. In light of this testimony, it cannot be said that respondent's finding is not supported by substantial evidence.

Inasmuch as there is no statute or regulation which requires payment at a higher level than that paid by Orange DSS during the disputed period, and since there is substantial evidence to support respondent's finding that rates paid during the disputed period were not arbitrary or capricious, judicial inquiry must end and the determination must be confirmed (see, Matter of Collins v Codd, 38 NY2d 269).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.