Haim v 875 Park Ave. Corp. (2024 NY Slip Op 04518)

Haim v 875 Park Ave. Corp.

2024 NY Slip Op 04518

Decided on September 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 24, 2024

Before: Singh, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 653123/23 Appeal No. 2589 Case No. 2024-01228 

[*1]Graciela R.D. Kirsman Haim, Individually, and as Trustee of the Graciela R.D. Kirsman Haim Revocable Living Trust, Plaintiff-Respondent,
v
875 Park Avenue Corporation et al., Defendants-Appellants.

Boyd Richards Parker Colonnelli, New York (Bryan J. Mazzola of counsel), for appellants.
Phillips Nizer LLP, New York (Michael S. Fischman of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne Adams, J.), entered February 6, 2024, which denied defendants' motion to dismiss the complaint, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff asserts causes of action for declaratory relief, unjust enrichment, breach of fiduciary duty, and accounting. These claims are based on allegations that the shares appurtenant to plaintiff's cooperative apartment were "overallocated" when issued in 1947 and the misallocation must be corrected by the current defendants: the cooperative corporation and current and former members of its board of directors.
Plaintiff's causes of action are untimely and should have been dismissed. Plaintiff acknowledges that the causes of action are subject to a six-year statute of limitations to the extent they seek equitable relief (see CPLR 213[1] and [7]). Defendants assert that the statute of limitations on these claims began to run when the corporation was formed, in 1947. Even if the statute of limitations did not begin to run until plaintiff acquired her interest, the relevant limitations periods have all long expired because she purchased her shares for apartment 9B in 2005. Furthermore, the continuing wrong doctrine does not apply to extend the limitations period, because plaintiff alleges not ongoing unlawful acts but merely the lasting effects of the cooperative's sponsor's decision to allocate 210 shares to apartment 9B more than three quarters of a century earlier (see Henry v Bank of Am., 147 AD3d 599, 601-602 [1st Dept 2017]). To the extent that plaintiff argues that the share allocation is an ongoing violation of Internal Revenue Code § 216, any such violation does not extend the statute of limitations as to plaintiff, because "[p]rivate citizens cannot enforce the provisions of the Tax Code" (Seabury v City of New York, 2006 WL 1367396, * 5, 2006 US Dist LEXIS 32083, *17 [ED NY, May 18, 2006, No. 06-CV-1477 (NGG)]).
Even putting aside that the action is time-barred, the action should have been dismissed as barred by res judicata (see e.g. East Hampton Capital LLC v Fergusson, 183 AD3d 409, 409-410 [1st Dept 2020]), based on the 1991 action for declaratory relief and damages brought by plaintiff's predecessor-in-interest relating to the same shares appurtenant to the apartment (Abrons v 879 Park Ave. Corp., index No. 0009162/91[Sup Ct, NY County 1991]). Contrary to plaintiff's position otherwise, she is in privity with the previous owner of apartment 9B for the purposes of res judicata (see East Hampton Capital, 183 AD3dat 410).
We reject plaintiff's attempt to distinguish the nature of her claims from the ones in the 1991 action, as she has framed the central controversy identically to that of the earlier case — that is, that apartment 9B was allocated too many shares. Even if certain aspects of a new cause of action differ, "once a claim is brought to a final conclusion[*2], all other claims arising out of the same transaction or series of transactions are barred [by res judicata], even if based upon different theories or if seeking a different remedy" (O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). In view of the binding decision in Abrons, which found no basis to disturb the original share allocation, we find that the complaint may be dismissed without the issuance of a counter-declaration in defendants' favor (see Fillman v Axel, 63 AD2d 876, 876 [1st Dept 1978]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 24, 2024